UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
  CHRISTOPHER EMANUEL JAMES,

                                    Plaintiff,                          **REPORT AND**
                                                                        **RECOMMENDATION**

                    -against-                                            19-CV-1175 (KAM)(JMW)

DELINE KUHNLE, LIEUTENANT
RIVERHEAD COUNTY JAIL, LIEUTENANT
AIRES, Badge # 6207, CORRECTIONAL
OFFICERS, and Registered Nurse MS. LISA,

                                    Defendants.
-------------------------------------------------------------X

**Christopher Emanuel James**
# 18-A-4676
Fishkill Correctional Facility
PO Box 1245 Beacon NY 12508
*Plaintiff appearing Pro Se*

**Arlene S. Zwilling, Esq.**
Suffolk County Attorney
P.O. Box 6100
H. Lee Dennison Building-Fifth Floor
100 Veterans Memorial Highway
Hauppauge, NY 11788-0099
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

        *Pro se* plaintiff Christopher Emanuel James commenced this action against Defendants

for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983.  (DE 1.)  Before the Court

is Defendants' motion requesting that the undersigned issue a report and recommendation to the

Honorable Kiyo A. Matsumoto that this case be dismissed as a sanction for violating this Court's

Order of March 21, 2022.  (DE 101.)  For the following reasons, the undersigned respectfully

recommends to the Honorable Kiyo A. Matsumoto that Plaintiff's case be dismissed in its

entirety.

1

## I.   <u>BACKGROUND</u>

On February 22, 2022, Defense Counsel filed a letter to the Court requesting that *pro se* Plaintiff's deposition be held in abeyance due to an "incomprehensible, salacious and disturbing letter" that Plaintiff sent to Counsel.  (DE 91; DE 91-1.)  The Court granted the request to adjourn Plaintiff's deposition, finding that Plaintiff's conduct was entirely inappropriate and ran afoul of any acceptable boundaries of decency (Electronic Order dated Mar. 12, 2022).  *See Sachs v. Matano*, CV 15-6049 (JFB) (AKT), 2016 WL 4179792, at *10 (E.D.N.Y. July 15, 2016) *report and recommendation adopted by* 2016 WL 4186708 (Aug. 4, 2016) (finding that inappropriate language and overall tenor in *pro se* Plaintiff's email correspondence was inappropriate and ran afoul of the rules of civility, and noting that sanctions was premature because *pro se* Plaintiff had not yet been explicitly warned that such action is sanctionable). This misconduct, however, is not new to Plaintiff. *See, e.g., James v. Upstate Corr. Facility*, 9:21-CV-0783 (BKS/CFH), 2021 WL 4307472 (N.D.N.Y. Sep. 22, 2021) (dismissing action Mr. James commenced as a result of correctional facility allegedly refraining from mailing out his inappropriate letters regarding an unauthorized organization/unrecognized religious group).

The Court scheduled a Status Conference on March 21, 2022, at which time Plaintiff was forewarned that such conduct is sanctionable and considered contemptuous, and he was directed to adhere to the mandates set forth in Rule 11 regarding any future court filings (DE 96). *See* Fed. R. Civ. P. 11(b)(1) (A "pleading, written motion, or other paper...[is not to be] presented for any improper purpose, such as to harass").  The Court further held that if Plaintiff failed to heed the Court's warnings, sanctions or contempt may be imposed, including possible injunctive relief

from future court filings.[1]  (DE 96.)[2]

On March 29, 2022, Defense Counsel filed a sealed letter motion enclosing yet another wholly inappropriate letter that Plaintiff sent to Defense counsel, and Counsel requested sanctions in the form of recommending dismissal of this action.  (DE 101.)  Significantly, Plaintiff's letter is dated March 22, 2022 – one day after Plaintiff was expressly forewarned that such conduct is sanctionable.  (DE 101-1.)  On March 30, 2022, the Court directed Plaintiff to Show Cause on or before April 22, 2022 ("OSC-1"), why the undersigned should not issue a recommendation to the Honorable Kiyo A. Matsumoto that this case be dismissed based on Plaintiff's misconduct and his defiance of the Court's March 21, 2022 Order.[3]  (Electronic Order dated Mar. 30, 2022).[4]  On April 6, 2022, the Court received *another* similarly inappropriate letter from Plaintiff.[5]  (DE 102.)  Plaintiff did not respond to the Order to Show Cause. Accordingly, on April 27, 2022, the Court issued yet another Order to Show Cause ("OSC-2") why the undersigned should not issue a recommendation to Judge Matsumoto that this case be dismissed based on Plaintiff's continued misconduct, despite forewarnings that such conduct may result in sanctions, including a recommendation of dismissal of the action.  (DE 103.)  The Clerk of the Court mailed copies of the Order to Show Cause to both Clinton Correctional Facility and Fishkill Correctional Facility, and scheduled a telephone conference for May 11, 2022 to ensure Plaintiff's receipt of the Order.  (Electronic Order dated Apr. 27, 2022.) Thereafter, the Court granted Defense Counsel's request to reschedule the telephone conference

---

[1] On March 21, 2022, the Court also granted Defense Counsel's request for Plaintiff's deposition to be held remotely.  (DE 96.)

[2] A copy of the Minute Order was served upon Plaintiff on March 21, 2022.  (DE 97.)

[3] On March 30, 2022, the Court also granted Defense Counsel's request to hold Plaintiff's deposition in abeyance.  (Electronic Order dated Mar. 30, 2022.)

[4] The Order was served upon Plaintiff on April 1, 2022.  (Electronic Order dated Apr. 1, 2022.)

[5] The letter received on April 6, 2022 is undated.

to May 12, 2022 based on Fishkill's scheduling limitations.  (DE 104; Electronic Order dated Apr. 30, 2022.)

The parties appeared before the undersigned for the May 12, 2022 telephonic conference. (DE 106.)  During the conference, the undersigned advised Plaintiff of the purpose of the conference:  *first*, to confirm Plaintiff received OSC-2 (which he did), *second,* to determine whether Plaintiff intended to file a written response to OSC-2 (which he confirmed he did not choose to do), and *third,* advise Plaintiff that the Clerk of the Court had received another inappropriate written submission on May 11, 2022 (DE 105), claiming to threaten to commence a bankruptcy proceeding naming Judge Matsumoto as a respondent debtor ("May 11 Missive").[6]

After reminding Plaintiff that he had until May 18, 2022 to respond to OSC-2 (*see* May 12, 2022 conference transcript[7]), Plaintiff requested to make an oral opposition rather than written submission.  The undersigned again offered Plaintiff the opportunity to submit a written opposition as well, but Plaintiff expressly insisted on opposing only orally and waiving the opportunity to submit a written opposition.  (*Id.*)  Plaintiff's oral opposition was nothing short of a cascade of helpless waffle, consisting of a menacing  tirade of expletives and threats of harm directed at the Court.  (*Id.*)  Specifically, Plaintiff ranted, "Listen.  That bitch can go to hell. Fuck her.  Imma keep writin' those letters – fuck off . . . I'll kill her.  Imma kill her. If I catch her, Imma kill her." (*Id.*)

During the call, the undersigned also addressed the May 11 Missive.  That submission consists of a two-page document with the first page bearing the caption "United States District

---

[6] The May 11 Missive does not appear to be associated with any pending case, including this one. However, the undersigned directed the Clerk of the court to upload that document on this docket – now appearing at DE 105 -- so the Court could consider it as part of the record.

[7] At the time this Report & Recommendation was issued, the transcription of the conference was not yet complete; accordingly, all cites to the conference transcript were based on the Court's review of the audio recording.

Court, Eastern District of New York" and entitled "P.D.E.M., Perceived Delators Exemption Motion," listing "Christopher E. James and Felice B. Milami" as plaintiffs and "Kiyo E. Matsumoto" as defendant. The second page bears the caption "United States Bankruptcy Court, Eastern District of New York", entitled "Official Form 105 Involuntary Petition Against and Individual," wherein Plaintiff lists Judge Matsumoto as a "debtor" to Plaintiff. (*Id.*)

During the conference, the undersigned advised Plaintiff that such a filing was frivolous, and was forewarned that pursuant to 18 U.S.C. § 1521, it is a crime for anyone to file or attempt to file any false lien or encumbrance of a federal official including Federal Judge. *Id.* The undersigned asked Plaintiff to explain what the intent of the document is, to which Plaintiff responded, "Listen. Basically, right, if somethin' happens somethin' happens. If nothin' don't, nothin' don't. I can't tell if it's harmless or not. You can find out if it's harmless or not." (*Id.*) Plaintiff had nothing further to say. (*Id.*)

## II.   **DISCUSSION**

A federal court has the power to dismiss a case as a sanction under its inherent authority and applicable federal rules of civil procedure. *See Koehl v. Bernstein*, 740 F.3d 860, 862-63 (2d Cir. 2014) (affirming dismissal of *pro se* plaintiff's suit with prejudice as sanction for abusive conduct). "Dismissal is appropriate if there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party." *West v. Goodyear Tire & Rubber Co.,* 167 F.3d. 776, 779 (2d Cir. 1999). That said, because dismissal is a "drastic remedy, it should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *Id.* (quoting *John B. Hull, Inc. v. Waterbury Petrol. Products, Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (internal quotation marks omitted). Dismissal as a sanction is recognized as a harsh remedy to be imposed in only "extreme situations", so adequate warning must first be given. *See Koehl v. Bernstein*, 740

F.3d at 862.  As explained below, this case does present an extreme situation.

Sanctions under either 28 U.S.C. § 1927 or the court's inherent authority have the same requirements, and

> [t]he only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is…that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both.[8]

*Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986).

Before imposing sanctions under the court's inherent authority, the court must find clear evidence that "(1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 633 (S.D.N.Y. 2016), *aff'd*, 683 Fed. App'x 33 (2d Cir. 2017) (citation omitted); *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).  With regard to the first requirement, conduct is meritless or without color when "it lacks any legal or factual basis" and is colorable when "it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue." *Doe 1 v. E. Side Club, LLC.*, 18 Civ. 11324 (KPF), 2021 WL 2709346, at *20 (S.D.N.Y. July 1, 2021), *reconsideration denied sub nom.*, *Doe 1 v. E. Side Club, LLC*, 18 Civ. 11324 (KPF), 2021 WL 4711249 (S.D.N.Y. Oct. 8, 2021) (citation omitted).  "The second prong requires "the district court to find a clear showing of bad faith with a high degree of factual specificity in most cases." *Id.*; *see United States v. Seltzer*, 227 F.3d 36, 41-42 (2d Cir. 2000); *Oliveri*, 803 F.2d 1265, 1272.

"Courts have an inherent power to sanction the offending party . . . when it determines a

---

[8] An exception to the rule that section 1927 expressly applies to attorneys is where the *pro se* litigant is a lawyer.  *Appel v. Hayut*, 20 Civ. 6265 (JPC), 2022 WL 214450, at *6 (S.D.N.Y. Jan. 25, 2022) (citing *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 633 (S.D.N.Y 2016)).

party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Appel v. Hayut*, 20 Civ. 6265 (JPC), 2022 WL 214450, at *6 (S.D.N.Y. Jan. 25, 2022) (internal quotation marks and citation omitted). This inherent power to sanction is based on "the fact that courts are 'vested by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Id.* (citing *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). "A sanction of dismissal must be supported by clear evidence of misconduct and a high degree of specify in the factual findings . . . as well as a finding of willfulness, bad faith, or reasonably serious fault." *Komatsu v. City of New York*, 18 Civ. 3698 (LGS), 2021 WL 4427015, at *3 (S.D.N.Y. Sept. 27, 2021), *appeal dismissed*, 21-2470, 2022 WL 963773 (2d Cir. Mar. 1, 2022) (internal quotation marks and citations omitted).

In *Koehl v. Bernstein*, the Second Circuit upheld the District Court for the Southern District of New York's sanction dismissing the *pro se* plaintiff's lawsuit.[9] 740 F.3d at 864. The plaintiff in that case filed letters with "abusive language, insults, and attacks on the Magistrate Judge's character, fitness for his judicial responsibilities, and religion." *Id.* at 862. The Magistrate Judge, Honorable Gabriel W. Gorenstein, ordered the plaintiff to show cause why the action should not be dismissed, or the plaintiff would be otherwise sanctioned. *Id.* In response, the plaintiff filed additional letters containing more insults and abuse. *Id.* Judge Gorenstein recommended dismissal with prejudice, finding that the plaintiff acted in bad faith and that no sanction short of dismissal would suffice. *Id.* The district court adopted the recommendation and on appeal, the Second Circuit found no abuse of discretion because the plaintiff was "warned

---

[9] The *pro se* plaintiff in *Koehl* was a prisoner serving a New York State sentence and brought this action pursuant to 42 U.S.C. section 1983, alleging that Defendants violated his constitutional rights when they allegedly failed to provide him with necessary medical treatment during his prison sentence. *Koehl*, 740 F.3d at 861.

that continued intemperate conduct could lead to dismissal of his action as a sanction, yet he persisted in it." *Id.* at 862–63.

Similarly, in *Komatsu v. City of New York*, the plaintiff filed letters with the court containing explicit and inappropriate and foul language with respect to judges and opposing counsel.  Notwithstanding warnings by the court that doing so may result in sanctions, including dismissal, the plaintiff violated the order and continued to use inappropriate language in his "voluminous and irrelevant filings," for more than two years.  2021 WL 4427015, at *4.  The court found that dismissal of the plaintiff's case pursuant to the court's inherent power was proper because plaintiff litigated in bad faith, "he had notice that his abusive conduct might lead to dismissal, . . . he had an opportunity to be heard on the proposed sanction of dismissal, . . . and . . . no sanction short of dismissal would succeed in curbing his misconduct."[10]  *Id.*

Here, Plaintiff's egregious behavior mirrors that of plaintiffs in both *Koehl* and *Komatsu*. Plaintiff has been given ample forewarnings that his misconduct could lead to sanctions including dismissal.  In fact, he had been given four explicit warnings – the March 21, 2022 telephone conference, the two Orders to Show Cause (OSC-1 and OSC-2), and the May 12, 2022 telephone conference. Moreover, Plaintiff was also specifically cautioned to adhere to Fed. R. Civ. P. 11(b)(1) and not file litigation papers for any improper purpose, such as harassment.  In between (or perhaps in response) to these express warnings, Plaintiff continued to flagrantly violate the Court's Orders by filing additional outrageously inappropriate and threatening letters, culminating in a violent rant on the record during the May 12, 2022 telephone call before the undersigned.  His

---

[10] The court in *Komatsu* also found that the plaintiff's actions warranted dismissal under 41(b).  *Id.*  As previously stated, the plaintiff violated court orders for more than two years, the court had over six-hundred docket entries, and the defendants were likely to face prejudice if the proceedings were to continue.  *Id.* at *5.  That said, "nothing short of dismissal" would have succeeded in curbing the plaintiff's misconduct. *Id.*

submissions are more than mere bafflegab. They have risen to the level of serious threats of personal harm (even death) to defense counsel and a sitting Federal Judge.

As such, the Court finds that plaintiff has litigated in bad faith, despite being put on notice that his conduct may result in dismissal. Each time Plaintiff was given an opportunity to redeem himself, he took that opportunity to engage in further unwarranted and escalating threatening behavior. Therefore, the undersigned respectfully recommends that this case be dismissed with prejudice. *See Koehl*, at *6 (finding that if the incidents described had been the first time plaintiff engaged in such conduct and occurred prior to the court's warnings, the court may have considered a sanction less than dismissal); *Komatsu*, at *4 (finding that plaintiff's disobedience of multiple warnings of the consequences of his continued misconduct alone was sufficient to warrant dismissal as a sanction, and that no sanction short of dismissal would curb his misconduct).

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed with prejudice. The Clerk of the Court is respectfully directed to serve copies of this Report and Recommendation upon Plaintiff by mailing copies to his place of incarceration.

### IV.    OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel for Defendant. The Clerk of the Court is directed to serve a copy of this Report and Recommendation on Plaintiff and file proof of service on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.

Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:  Central Islip, New York
        May 13, 2022

                                                    **Respectfully recommended:**

                                                    /S/ *James M. Wicks*
                                                    JAMES M. WICKS
                                                    United States Magistrate Judge