```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

CHRISTOPHER EMANUEL JAMES,
                                            MEMORANDUM & ORDER
                  Plaintiff,                19-CV-1175 (KAM) (JMW)

         - against -


DELINE KUHNLE, LIEUTENANT, RIVERHEAD
COUNTY JAIL; LIEUTENANT AIRES, BADGE
#6207; CORRECTIONAL OFFICERS; and
REGISTERED NURSE MS. LISA,

                  Defendants.

----------------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

      On May 13, 2022, Magistrate Judge James M. Wicks issued a report and recommendation, recommending that the court dismiss this action with prejudice due to *pro se* Plaintiff Christopher James's threatening, harassing, and abusive conduct toward defense counsel and the court.  (ECF No. 107 ("R&R").)  For the reasons set forth below, the court ADOPTS the R&R, GRANTS Defendants' motion for sanctions, and DISMISSES this action with prejudice.

## BACKGROUND

      On February 22, 2022, defense counsel filed a letter informing the court of an "incomprehensible, salacious[,] and disturbing letter" sent to her by Plaintiff, who is currently incarcerated at Marcy Correctional Facility in Marcy, New York. (ECF No. 91 at 1.)  Plaintiff's letter threatened – and depicted

1

– Plaintiff engaging in lewd sexual conduct directed at defense counsel. (ECF No. 91-1 at 2.) At a March 21, 2022 status conference, Magistrate Judge Wicks informed Plaintiff that his "conduct is entirely inappropriate and runs afoul of acceptable boundaries." (ECF No. 96 at 1.) Magistrate Judge Wicks specifically advised Plaintiff that future misconduct could result in sanctions or contempt, including possible injunctive relief against further court filings. (*Id.*) Defense counsel promptly served a copy of Magistrate Judge Wicks's March 21, 2022 order on Plaintiff and filed proof of service on the docket. (ECF No. 97.)

By letter dated March 22, 2022 – the day after he participated in the March 21, 2022 status conference – Plaintiff flagrantly violated Magistrate Judge Wicks's order. (ECF No. 101-1.) In the March 22, 2022 letter, Plaintiff included highly offensive language, lewd depictions, and threats to commit acts of sexual violence directed at defense counsel and the court. (*Id.* at 1-2.) Based on Plaintiff's defiance of Magistrate Judge Wicks's March 21, 2022 order, defense counsel moved Magistrate Judge Wicks to recommend that this court sanction Plaintiff with dismissal. (ECF No. 101.) On March 30, 2022, Magistrate Judge Wicks ordered Plaintiff to show cause by April 22, 2022, why this case should not be dismissed due to Plaintiff's misconduct and failure to comply with the March 21, 2022 order. (3/30/22 Minute Order.) The Clerk of Court served a copy of the March 30, 2022 order to

2

show cause on Plaintiff. Plaintiff failed to show cause as ordered.[1]

On April 27, 2022, Magistrate Judge Wicks provided Plaintiff a "final opportunity" to show cause, by May 18, 2022, why this action should not be dismissed due to Plaintiff's misconduct and failure to comply with court orders. (ECF No. 103 at 1.) The Clerk of Court served a copy of the April 27, 2022 order to show cause on Plaintiff, and Plaintiff confirmed his receipt of the order during a May 12, 2022 status conference. (ECF No. 109 at 3.) Plaintiff failed to show cause as ordered. Magistrate Judge Wicks also afforded Plaintiff the opportunity to respond orally to the orders to show cause during the May 12, 2022 conference, asking him directly about the threatening and abusive letters directed at defense counsel and the court. (*Id.* at 4-6.) Plaintiff responded with an expletive-laced tirade in which he repeatedly threatened to "kill her." (*Id.* at 6-7.)

By report and recommendation dated May 13, 2022, Magistrate Judge Wicks recommended dismissing this action in its entirety. Magistrate Judge Wicks found that – despite four explicit warnings – Plaintiff continuously defied the court's orders "by filing additional outrageously inappropriate and

---

[1] On April 6, 2022, the Clerk of Court docketed an incomprehensible letter from Plaintiff that does not refer to or address the order to show cause or anything related to this case. (ECF No. 102.)

3

threatening letters, culminating in a violent rant on the record during the May 12, 2022 telephone call." (R&R at 8.) Magistrate Judge Wicks also concluded that Plaintiff acted in bad faith, observing that "[e]ach time Plaintiff was given an opportunity to redeem himself, he took that opportunity to engage in further unwarranted and escalating threatening behavior." (*Id.* at 9.) Magistrate Judge Wicks advised Plaintiff that he was required to file any objections to the R&R within fourteen days, and the Clerk of Court served a copy of the R&R on Plaintiff as directed. (*Id.*) More than fourteen days have elapsed since Plaintiff was served with the R&R.

## LEGAL STANDARD

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the court conducts a *de novo* review of "those portions of the report . . . to which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3). "Where no objection to a Report and Recommendation has been timely made, the district court 'need only satisfy itself that there is no clear error on the face of the record.'" *Minto v. Molloy College*, 2021 WL 804386, at *1

4

(E.D.N.Y. Mar. 3, 2021) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001)).

## DISCUSSION

Plaintiff failed to file any objections to the R&R within the fourteen-day statutory deadline. *See* 28 U.S.C. § 636(b)(1). To date, the only correspondence from Plaintiff received by the court since the issuance of the R&R is an incomprehensible, undated letter that does not respond to the R&R or reference any of the issues in this case. (ECF No. 108.) Plaintiff's letter does not constitute an objection to the R&R, let alone a sufficiently specific objection to trigger *de novo* review. *See, e.g., Griffith v. N.Y. State Att'y Gen.*, 2021 WL 1758860, at *1 (N.D.N.Y. May 4, 2021) (applying clear error review when *pro se* plaintiffs "filed a largely incoherent and incomprehensible document" in response to an R&R). Accordingly, the court applies clear error review and, seeing no clear error on the face of the record, ADOPTS the R&R. *See, e.g., Minto*, 2021 WL 804386, at *1-2.

Even if the court reviewed the R&R *de novo*, the court fully agrees with Magistrate Judge Wicks's recommendation to dismiss this action with prejudice. "A district court has 'inherent power to supervise and control its own proceedings and to sanction . . . a litigant for bad-faith conduct or for disobeying the court's orders.'" *Komatsu v. City of New York*, 2021 WL 4427015, at *3 (S.D.N.Y. Sept. 27, 2021) (quoting *Mickle*

5

*v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002)); *see also, e.g.*, *Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992) (explaining that district courts have inherent power to sanction parties "for acting in bad faith, vexatiously, wantonly, or for oppressive reasons"). "A sanction of dismissal with prejudice must be supported by clear evidence of misconduct and a high degree of specificity in the factual findings, as well as a finding of willfulness, bad faith, or reasonably serious fault." *Komatsu*, 2021 WL 4427015, at *3 (quotations and citations omitted). Although "a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (per curiam) (quotations and citations omitted).

Applying these standards, Magistrate Judge Wicks recounted the clear evidence of Plaintiff's repeated, bad-faith, willful misconduct, including: (1) his threats of sexual violence, abusive language, and lewd depictions directed at defense counsel in the letter filed on February 22, 2022; (2) his threats of sexual violence, lewd depictions, and abusive and racist language directed at defense counsel and the court in the letter dated March 22, 2022, one day after Magistrate Judge Wicks admonished Plaintiff regarding the February 22, 2022 letter; and (3) his abusive

6

language and repeated threats to "kill" during the May 12, 2022 conference. (R&R at 2-4.) "The Second Circuit has repeatedly upheld sanctions against parties who use disrespectful and inappropriate language," to threaten, insult, or abuse a party or judge. *Komatsu v. City of New York*, 2021 WL 3363553, at *4 (S.D.N.Y. Aug. 3, 2021); *see also, e.g.*, *Koehl*, 740 F.3d at 863 (affirming dismissal with prejudice based on *pro se* plaintiff's "offensive, abusive, and insulting language" and noting that the court's "[liberal] *pro se* practice . . . is not a sword with which to insult a trial judge" (alteration original; citation omitted)); *Pimentel v. Delta Air Lines, Inc.*, 818 F. App'x 100, 102 (2d Cir. 2020) (summary order) ("We have upheld dismissals with prejudice as a sanction where *pro se* litigants repeatedly used abusive language toward judges.").

As Magistrate Judge Wicks recognized, Plaintiff's egregious misconduct has far surpassed insulting and abusive language and has included "serious threats of personal harm (even death) to defense counsel and a sitting Federal Judge." (R&R at 9.) Courts have not hesitated to dismiss a *pro se* Plaintiff's claims with prejudice based on such serious threats, which have no place in a civilized society, to say nothing of a federal court. *See, e.g.*, *Harry v. Lagomarsine*, 2019 WL 1177718, at *1 (E.D.N.Y. Mar. 13, 2019) (threats to sexually assault and kill defense counsel); *Phelan v. Karandy*, 2012 WL 2235125, at *3 (N.D.N.Y. June

7

15, 2012) (threats against judge); *Nelson v. Eaves*, 140 F. Supp. 2d 319, 319-320 (S.D.N.Y. 2001) (Chin, J.) (threatening and sexually graphic letters to defense counsel).

Moreover, Magistrate Judge Wicks detailed the four explicit warnings that Plaintiff received and ignored: (1) the March 21, 2022 conference and accompanying order; (2) the March 30, 2022 order to show cause; the April 27, 2022 order to show cause; and (4) the May 12, 2022 conference. (R&R at 2-5, 8-9.) Plaintiff was also put on notice that his misconduct could result in dismissal by Judge Wicks (*see* 3/30/22 Minute Order; ECF No. 103 at 1; ECF No. 109 at 4), and by the dismissal of his previous case for similar misconduct. (R&R at 2 (citing *James v. Upstate Corr. Facility*, 2021 WL 4307472 (N.D.N.Y. Sept. 22, 2021).) Under these circumstances, Magistrate Judge Wicks properly concluded that no sanction less than dismissal would be appropriate. *See, e.g.*, *Koehl*, 740 F.3d at 863 (affirming dismissal with prejudice where *pro se* plaintiff previously had an action dismissed for similar misconduct, "persisted" in his misconduct after being warned that it could result in dismissal, and responded to an order to show cause "with further abusive language").

## CONCLUSION

For the foregoing reasons, the court ADOPTS the R&R, GRANTS Defendants' [101] motion for sanctions, and DISMISSES this action with prejudice. Plaintiff is HEREBY WARNED that similar

8

misconduct in any other case before this court may result in additional sanctions, including but not limited to the dismissal of those cases with prejudice and an order barring Plaintiff from filing further actions without court approval.

The court certifies that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment accordingly, serve a copy of this Memorandum and Order and the judgment on Plaintiff, and close this case.

SO ORDERED.

/s/ Kiyo A. Matsumoto
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:   Brooklyn, New York
         June 7, 2022